# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

## Case No. 19-70019

*GARY GREEN*,
Petitioner - Appellant

v.

*LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION*,
Respondent - Appellee

---

On Appeal from the United States District Court
Northern District of Texas, Dallas Division
No. 3:15-CV-2197

---

## Motion for a Certificate of Appealability
(Brief filed separately)

Michael Mowla
P.O. Box 868
Cedar Hill, TX 75106
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant

**To the Honorable Judges of the Court of Appeals:**

Green files this motion for a certificate of appealability ("COA"):

**I.    Motion**
   **Standards for a COA**

1.    This Court may **not** consider an appeal from the denial of a motion filed under 28 U.S.C. § 2254 (2020) unless the district court or this Court issues a COA, which requires a substantial showing of the denial of a constitutional right. Fed. Rule App. Proc. 22(b) (2020); 28 U.S.C. § 2253(c)(1)(B) & (2) (2020). If a district court denied the claims on the merits, the movant "must demonstrate that reasonable jurists would find the assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This Court's inquiry is limited to a threshold examination and "…general assessment of (the merits of the claims)." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Buck v. Davis,* 137 S.Ct. 759, 773 (2018).

   **Issues presented**

2.    In Issue 1, Green argues that because he is intellectually disabled and the death sentence violates his Eighth Amendment rights under *Atkins* and *Hall,* prior counsel were ineffective for failing to investigate and litigate the issue.

3. In Issue 2, Green argues that considering his: (1) culpability and personal characteristics; (2) psychosis; (3) catathymic crisis when the offense occurred; and (4) punishment, under *Atkins* his execution violates the Eight Amendment.

4. In Issue 3, Green argues that because jurors saw him in shackles without a finding of necessity, his rights under the Fifth and Fourteenth Amendments were violated. In the alternative, trial counsel was ineffective for failing to object to the shackles.

5. In Issue 4, Green argues that prior counsel were ineffective for failing to investigate Green's diminished-capacity due to abandonment-rage, which may have negated mens rea. There is a reasonable likelihood that when the offense occurred: (1) due to abandonment-rage, Green suffered from a severe mental-illness; and (2) because of the severe mental-illness, mens rea was negated.

6. In Issue 5, Green argues that because diligent representation required prior counsel to investigate issues that would have been reasonably discoverable, they were constitutionally deficient by not including "substantial" issues that have "some merit." The district court denied Green the meaningful representation informed by investigation

to which he is entitled under 18 U.S.C. § 3599. Green asks this Court to reverse the Opinion and Orders denying the funding-motions and remand this case to the district court with an order allowing the funding requested in the motions.

7. Green showed the district court that the state court's rulings were: (i) contrary to—or involved an unreasonable application of—clearly established Federal law as determined by the SCOTUS; or (ii) based on an unreasonable determination of the facts considering the evidence presented in state court, and are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484.

## II. Conclusion and Prayer

Reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Green prays that the Court grant this motion for a COA.

Respectfully submitted,

Michael Mowla
P.O. Box 868
Cedar Hill, TX 75106
Phone: 972-795-2401
Fax: 972-692-6636
michael@mowlalaw.com
Texas Bar No. 24048680
Attorney for Appellant Green

**/s/ Michael Mowla**
Michael Mowla

### III. Certificate of Service

I certify that on February 13, 2020, a copy of this document was delivered to Ellen Stewart-Klein of the Texas AG's Office through the ECF Filing System. *See* Fed. Rule App. Proc. 25 (2020).

**/s/ Michael Mowla**
Michael Mowla

### IV. Certificate of Compliance

Attorney for Appellant certifies [*see* Fed. Rule App. Proc. 32(a)(5) & (7) (2020) & 5th Cir. Rule 31.1 & 32.3 (2020)]:

1. The Motion for a COA (**501 words**) and Brief in Support of the Motion for a COA (**14,174 words**) comply with the type-volume limitation because together they contain approximately **14,675 words**, which does **not** exceed the limit of **17,000 words (excess-word motion granted January 14, 2020)**, **excluding** the: cover page, certificate of interested persons, table of contents, table of authorities, statement regarding oral argument, addendums, certificates of counsel, signature block, and proof of service.

2. This document complies with the typeface-and-style requirements because it is prepared in a proportionally spaced typeface using Microsoft Word in 14-point font and is published into PDF format.

**/s/ Michael Mowla**
Michael Mowla